UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ELECTRIC MAN, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 19-10676 |
| JANICE BREWSTER MAILLOT ET AL | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is Defendants and Third-Party Plaintiffs Janice and Georges Maillot's Motion to Remand. R. Doc. 23. The motion is opposed. R. Doc. 26. Considering the parties' arguments and the applicable law, the Court now rules as follows.

I. BACKGROUND

This case arises from a contract dispute between two joint homeowners, a contractor, a subcontractor, and a settlement fund administrator. Defendants Janice and Georges Maillot ("the Maillots") own a home in Mandeville, Louisiana. R. Doc. 1-2 at 7. After discovering that the home contained defectively manufactured "Chinese drywall," the Maillots joined the Chinese Drywall litigation, *In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, in which a settlement with one group of defendants was reached in 2013. R. Doc. 1-2 at 8. The Settlement Agreement provided affected property owners with funds to remediate their homes. R. Doc. 1-2 at 8. Pursuant to the Settlement's self-remediation option, the Maillots hired Defendant Enterprise Restoration Solutions ("Enterprise") to remediate their home in 2016. R. Doc. 1-2 at 10. In turn, Enterprise subcontracted with Plaintiff MK Electric Man, LLC, to replace the home's electrical system. R. Doc. 1-4 at 2. Under the self-remediation option, settlement funds were paid directly by the Settlement Administrator to the contractor performing remediation services "upon

1

a determination by the Settlement Administrator that the licensed contractor has performed satisfactory work consistent with the contract." R. Doc. 1-2 at 9.

Plaintiff Electric Man contends that although the work was satisfactorily completed in a timely fashion, full payment was never tendered by Enterprise. R. Doc. 1-4 at 2. Consequently, Electric Man filed Statements of Claim and Privilege in the mortgage records of St. Tammany Parish to preserve its construction lien. R. Doc. 1-4 at 4. MK Electric Man filed suit in state court, alleging that the Maillots and Enterprise are jointly and severally liable for the outstanding balance of $27,148.95 as well as court costs and attorney fees. R. Doc. 1-4 at 1, 2, 4.

Defendants Janice and Georges Maillot timely answered the complaint. R. Doc. 1-4 at 22. They argue that Electric Man failed to comply with the Louisiana Private Works Act and stress that any misapplication of contract funds was due to the actions of Enterprise and other third-party defendants. R. Doc. 1-4 at 24. The Maillots assert a cross-claim against Enterprise and raise third party claims against John W. "Trey" Adams, III, the managing member of Enterprise, as well as Brown Greer, PLC, the Settlement Administrator, and two unidentified insurance companies that allegedly provided insurance to Enterprise and Brown Greer. R. Doc. 1-4 at 26, 30.

The Maillots argue that their contract with Enterprise specifically provided that upon completion of the remediation, the homeowners would undertake a final inspection of the property and provide Enterprise with a list of alleged deficiencies. R. Doc. 1-4 at 29. The Maillots left the country in May 2018, after providing Enterprise with a list of construction deficiencies they wanted resolved during their absence. R. Doc. 1-4 at 30. However, the Maillots allege that during their absence, John W. "Trey" Adams, Enterprise's managing member, submitted a "Completion Certificate" and a "Final Release of Liens" to Brown Greer, seeking payment from the Remediation Fund. R. Doc. 1-4 at 30. In particular, the "Final Release of Liens" document

represented that the property was free of all liens and that the contract with Electric Man, among others, had no outstanding balance. R. Doc. 1-4 at 30. Accordingly, Brown Green distributed settlement funds to Enterprise. R. Doc. 1-2 at 12.

The Maillots learned of these representations upon their return to the country, and now allege that these representations were false and fraudulent. R. Doc. 1-4 at 31. In particular, the Maillots argue that 1) they were not given an opportunity to complete a final inspection of their home as required by their contract with Enterprise and the Settlement Agreement, and 2) Enterprise did in fact have an outstanding balance on the contract with Electric Man when it represented to Brown Greer that the contract had been satisfied. R. Doc. 1-4 at 31.

Ultimately, the Maillots allege that Enterprise and Adams were negligent and in breach of contract when they submitted false and fraudulent documents to Brown Greer seeking payment of the retainage. R. Doc. 1-4 at 33-34. They further assert that Brown Greer was negligent, failed to properly manage the settlement funds, and breached the Knauf Settlement by paying the retainage to Enterprise without verifying that the property had been satisfactorily remediated and without documentation from the Maillots as required by the Settlement Agreement. R. Doc. 1-4 at 34. The Maillots seek to hold Enterprise, Adams, Brown Greer, and their insurers jointly and severally liable for payment of the outstanding balance on the Electric Man contract plus court costs and attorney fees. R. Doc. 1-4 at 34. They further assert claims under the Louisiana Private Works Act and seek recovery of $16,260.67 the Maillots paid to a third-party contractor to repair Enterprise's construction deficiencies. R. Doc. 1-4 at 35. Lastly, they demand proof that their home was completely remediated from Chinese drywall products.

Brown Greer timely removed the case to federal court on May 24, 2019, citing this Court's continuing and exclusive jurisdiction to interpret the Knauf Settlement Agreement. R. Doc. 1 at 3.

Brown Greer subsequently answered the Maillot's cross-claim and third-party demand on May 31, 2019, generally denying the allegations therein and raising a number of affirmative defenses including misjoinder of the parties, statute of frauds, lack of privity, and lack of causation. R. Doc. 6.

## II.   PENDING MOTION

The Maillot Defendants, acting as third-party plaintiffs, filed a motion to remand to state court, arguing that federal subject matter jurisdiction over the case is lacking. R. Doc. 23. The Maillots contend that although the Court may have continuing, exclusive jurisdiction over the Knauf Settlement Agreement, the Court's jurisdiction is inapplicable in this case because Third-Party Defendant Brown Greer is not a party to the Settlement Agreement. R. Doc. 23 at 4. They allege their claims against Brown Greer arise not from the Settlement, but from Louisiana law governing breaches of fiduciary duty. R. Doc. 23 at 4. They further contend their claims are "separate and distinct from the prior litigation filed in the Federal Court." R. Doc. 23 at 4.

The Maillots further argue that diversity jurisdiction is lacking. R. Doc. 23 at 4. They note that the original petition was filed by MK Electric Man, a Louisiana LLC against the Maillots, two Louisiana residents, and Enterprise, another Louisiana LLC. R. Doc. 23 at 4. Further, the Maillots brought cross-claims against Enterprise, and third-party claims against John W. "Trey" Adams, a Louisiana citizen. R. Doc. 23 at 4. Accordingly, the only diverse party in the litigation is Brown Greer, a citizen of Virginia for jurisdictional purposes. R. Doc. 23 at 4. The Maillots also dispute that the amount in controversy exceeds $75,000. R. Doc. 23 at 5. They believe the amount in controversy is limited to the "amount of retainage improperly paid to BrownGreer, PLC to Enterprise Restoration Services, LLC" in the amount of $42,921.50. R. Doc. 23 at 5.

Brown Greer timely filed an opposition to the motion to remand. R. Doc. 26. Brown Greer

asserts that this Court's jurisdiction over the Settlement Agreement extends to Brown Greer even though Brown Greer is not a named party to the agreement because Brown Greer is the court-appointed settlement administrator responsible for issuing the payments that are now directly in controversy. R. Doc. 26 at 4. Brown Greer points to Section 15 of the Settlement Agreement, which provides this Court with continuing jurisdiction over "the Litigation, the Class, the Participating Class Members, the Knauf Defendants, and the Settlement for the purposes of administering, supervising, construing, and enforcing the Settlement." R. Doc. 26 at 5. The Settlement Agreement further provides the Court with "continuing and exclusive jurisdiction over (i) the Settlement Funds and (ii) the distribution of same to Participating Class Members." R. Doc. 26 at 5. Brown Greer contends that these provisions imbue this Court with subject-matter jurisdiction over the claims because the Maillots are undisputedly Participating Class Members who now challenge that administration of the Settlement and the disbursement of Settlement funds. R. Doc. 26 at 4. Brown Greer further argues that the Maillot's claims are "directly related to the administration and interpretation of the Settlement pursuant to MDL 2047," because they assert that Brown Greer "incorrectly and improperly released Settlement Funds to [Enterprise] in contravention of the terms of the Settlement given final approval by this Court." R. Doc. 26 at 5. Brown Greer characterizes the Maillot's arguments as a "collateral[] attack [on] the Court-approved settlement program [that] seeks to circumvent this Court's authority and decade-long administration over the sufficiency, interpretation, and final approval of the Settlement Agreement." R. Doc. 26 at 5.

Brown Greer further contends that the amount in controversy exceeds $75,000. R. Doc. 26 at 6. Brown Greer urges this Court to include potential attorney fees, which exceeded $10,000 as of August 2019, in addition to the dispute over $42,921.50 in remediation funds. R. Doc. 26 at 6.

5

Lastly, Brown Greer believes the amount in controversy is actually $420,000, because the Maillots are effectively challenging the entire Option 2 remediation of their home. R. Doc. 26 at 7.

## III. LAW & DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As the party seeking removal, BrownGreer bears the burden of establishing federal jurisdiction. *See Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed and doubts regarding removal jurisdiction should be resolved against federal jurisdiction, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### A. Removal by a Third-Party Defendant

Although the matter has not been addressed by either party, the Court takes a moment to consider the effect of case recently decided by the United States Supreme Court upon the propriety of removal in the instant action. Section 1141(a) of Title 28 of the United States Code, governing the procedural requirements of removal, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court." 28 U.S.C. § 1441(a). In *Home Depot U.S.A, Inc. v. Jackson*, 139 S. Ct. 1743 (2019), the Supreme Court considered whether § 1441(a) permitted a third-party defendant to remove a case to federal court and concluded it did not. *Home Depot* involved a debt collection action filed in state court by Citibank against Mr. Jackson, the holder of a Home Depot credit card. Jackson asserted third-party claims against Home Depot and another party, and Home Depot removed the case to federal court. The Supreme Court relied heavily on the statutory text to find that 28 U.S.C. § 1441(a) "does not permit removal by any counterclaim defendant, including

6

parties brought into the lawsuit for the first time by the counterclaim." *Home Depot*, 139 S. Ct. at 1748. The Court explained that § 1441(a) provides the right of removal only to "the defendant or the defendants," and a third-party defendant "is not a 'defendant'" for the purposes of the removal. *Id.* at 1750. Accordingly, under *Home Depot*, Brown Greer, as a third-party defendant, was not authorized to remove the matter to federal court. *See also Bettis v. RoundPoint Mortg. Co.*, No. CV 19-0699-WS-N, 2019 WL 5598319, at *2 (S.D. Ala. Oct. 30, 2019) (applying *Home Depot* to facts similar to the instant case and concluding that removal by third-party defendant was improper). Although this may be dispositive of the instant motion, the Court will further analyze the potential bases for federal jurisdiction in this matter.

### B. Procedural Defects

Title 28, United States Code § 1447, governing the procedure after removal, provides that all procedural defects must be raised in a motion to remand filed within thirty days of removal. 28 U.S.C. § 1447(c). In the Fifth Circuit, a procedural defect is "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris*, 932 F.2d at 1544; *see also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (holding that a statutory restriction against removal was a waivable procedural defect); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 515 (5th Cir. 1992) (holding that failure to remove within one year in a diversity matter was a waivable procedural defect); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (holding that a violation of the forum defendant rule was a procedural defect). A plaintiff who fails to file a motion to remand based on a procedural defect within thirty days loses the right to challenge the defect.

Here, the Maillots' motion to remand was filed on October 30, 2019, more than five months after Brown Greer filed its notice of removal. Further, a district court may not order remand

based on procedural defects sua sponte—it may only do so upon the motion of a party addressing the defects. *See Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004). Accordingly, the Maillot's failure to object to Brown Greer's removal within thirty days would preclude this Court from remanding the matter based on this procedural defect. However, unlike remand for procedural defects, a motion to remand based on lack of subject matter jurisdiction may be made raised at any time.[1] *See Giles v. NYLCare Health Plans*, 172 F.3d 332, 336 (5th Cir.1999); *see also Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) ("It is beyond doubt that although the parties can waive defects in removal, they cannot waive the requirement of original subject matter jurisdiction—in other words, they cannot confer jurisdiction where Congress has not granted it."). Because the instant motion challenges this Court's subject matter jurisdiction, the Maillots' failure to seek remand within thirty days of removal is not fatal.

C. **Subject Matter Jurisdiction**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases involving parties of completely diverse citizenship where the amount in controversy exceeds $75,000 and over disputes arising from the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332. Brown Greer contends this Court has diversity jurisdiction because Brown Greer and the Maillots are diverse from one another and because the amount in controversy exceeds $75,000. Additionally, Brown Greer argues this Court has jurisdiction because the Maillot's claims arise from and are integrally related to the Chinese Drywall Knauf

---

[1] Subject matter jurisdiction, of course, cannot be waived. *Gonzalez v. Thaler*, 565 U.S. 134 (2012). In fact, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Id.*

Settlement Agreement, over which this Court specifically retained continuing and exclusive jurisdiction. R. Doc. 1 at 3-4.

As a threshold matter, the Court notes that absent special circumstances, the removal of a case involves the entire case, and not specific claims made therein. In other words, a party may not remove a portion of a state court proceeding; removal affects all claims and all parties. *See Eckert v. Administrators of the Tulane Educ. Fund*, No. CV 15-5546, 2016 WL 158919, at *9 (E.D. La. Jan. 14, 2016) (collecting cases that have held that the term "any civil action" under § 1441(a) to "encompass[] an entire case, and not merely certain claims"). Further, the "'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, [and] the defendant to that action is the defendant to that complaint, not a party named in a counterclaim." *Home Depot*, 139 S. Ct. at 1748 (alteration in original). Because removal jurisdiction requires a district court to evaluate "whether the plaintiff could have filed its *operative* complaint in federal court," *id.* at 1749 (emphasis added), the Court must consider whether subject matter jurisdiction existed with respect to the original civil action filed in state court by MK Electric Man against the Maillots and Enterprise, and not with respect to the third party claim between the Maillots and Brown Greer.

1. **Diversity Jurisdiction**

Federal courts have original jurisdiction over matters involving state law claims when the parties are completely diverse and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity exists when no plaintiff shares a state of citizenship with any defendant. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). A case may be removed on the basis of diversity jurisdiction if, when the case was originally filed, the parties were diverse and the jurisdictional amount was satisfied.

Here, it is undisputed that Plaintiff MK Electric Man, Defendants and Third Party Plaintiffs the Maillots, Defendant Enterprise Restoration, and Third-Party Defendant John W. "Trey" Adams are all citizens of Louisiana. R. Doc. 1-2 at 5, 1-4 at 1. The only party of diverse citizenship is Third-Party Defendant Brown Greer, a citizen of Virginia for jurisdictional purposes. R. Doc. 1-2 at 5. Because the original matter between MK Electric Man, the Maillots, and Enterprise, could not have been filed in federal court due to a lack of diversity, the Court lacks removal jurisdiction over the matter, at least under § 1332. Because the parties are not diverse, the Court need not consider whether the jurisdictional amount has been satisfied.

   2. **Federal Question Jurisdiction**

"Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The existence of a federal defense is insufficient to confer original jurisdiction upon a federal court. *Id.* (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Similarly in *Home Depot*, the Court explained that § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot*, 139 S. Ct. at 1748. As the *Home Depot* Court explained, whether original jurisdiction exists depends on whether the original plaintiff's operative complaint could have been filed in federal court. *Id.* at 1749. As the master of his complaint, a plaintiff "may allege only state law causes of action, even when federal remedies might also exist*." Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

No federal question is presented by the original petition, and Brown Greer's invocation of the Knauf Settlement Agreement does not transform this state law dispute into a federal question. Accordingly, federal question jurisdiction does not exist.

### 3. Ancillary Jurisdiction

The foregoing notwithstanding, Brown Greer cites this Court's continuing, exclusive jurisdiction over the Knauf Settlement as the basis for removal jurisdiction. However, the dispute involving the administration of the Settlement is invoked not by the claims originally asserted by Plaintiff MK Electric Man against the Maillots and Enterprise, but only by the third-party claims asserted by the Maillots against Brown Greer. R. Doc. 1-2 at 8. While interpretation of the Knauf Settlement is certainly within this Court's jurisdiction,[2] removal jurisdiction may not be based on issues that arise only as defenses or counterclaims, nor may only certain claims in a larger action be removed. *See Eckert*, 2016 WL 158919, at *9.

In summary, removal jurisdiction is available only if the original complaint could have been filed in federal court. In this case, the original complaint refers to the state court petition filed by MK Electric Man. That petition raises only state law breach of contract claims and is entirely devoid of reference to the Knauf Settlement Agreement. As its core, this case involves a state law dispute between non-diverse parties. The only basis for this Court's jurisdiction appears in a third-

---

[2] In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), the Supreme Court held that "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. One such "independent basis" is the specific retention of jurisdiction as expressed in the terms of the settlement agreement and associated orders. This Court has been involved in the Chinese Drywall Litigation for over a decade, and the dispute remains active today. The Settlement Agreement at issue here, which was approved and adopted by the Court, specifically provides that "The Court shall retain . . . continuing jurisdiction over . . . the Settlement . . . the Settlement Funds and . . . the distribution of same to Participating Class Members." R. Doc. 26 at 5. There is no court better equipped for the task of interpreting and adjudicating disputes arising from this settlement than this one, and the Court specifically reserved jurisdiction to do so in a manner approved by *Kokkonen*. Had the Maillots' claim been brought filed in federal court as its own complaint, and not as a third-party claim, this Court would certainly have removal jurisdiction over the matter.

party counterclaim which does not provide the requisite basis for removal jurisdiction. Of course, were the third-party claims to be severed from the underlying action by the state court and appropriately removed, this Court would be able to adjudicate the dispute between the Maillots and Brown Greer. At this juncture, however, the Court is required to remand the matter.

IV. **CONCLUSION**

Considering the foregoing,

**IT IS ORDERED** that the above-captioned matter be **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana this 11th day of February, 2020.

                                                                                                           */s/ Eldon E. Fallon*
                                                                                                         Eldon E. Fallon
                                                                                 United States District Judge